In the Matter of KENNETH E. BRUCE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 1, 1990

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner. *Richard Grayson* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with eight charges of professional misconduct.

Charge one alleged that the respondent converted and/or failed to account for $800 entrusted to him to be held in escrow.

Charge two alleged that the respondent failed to honor a judicial subpoena duces tecum duly served upon him and failed to cooperate with a legitimate inquiry of the petitioner Grievance Committee.

Charge three alleged that the respondent failed to maintain a duly constituted escrow account.

Charge four alleged that the respondent failed to honor a judicial subpoena duces tecum duly served upon him, failed to maintain and produce pursuant to subpoena, a ledger book or similar record and records of all deposits and withdrawals for his attorney escrow account as required by 22 NYCRR 691.12 former (b), (e) and (f), and failed to cooperate with a legitimate inquiry of the petitioner Grievance Committee.

Charge five alleged that the respondent failed to make several scheduled appearances before an Administrative Law Judge, thereby inconveniencing the tribunal, his client, and his adversary, resulting in an extension of his client's suspension without pay.

Charges six and seven each allege that respondent failed to cooperate with a legitimate inquiry of the petitioner Grievance Committee regarding a complaint made against him.

Charge eight alleged that the respondent failed to honor a judicial subpoena duces tecum duly served upon him and failed to cooperate with a legitimate inquiry of the petitioner Grievance Committee.

The Special Referee sustained all the charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves, *inter alia,* to disaffirm the report.

After reviewing all of the evidence, we are in agreement

with the report of the Special Referee. We find the respondent guilty of all of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee should be granted and respondent's cross motion, *inter alia,* to disaffirm the report should be denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent at the hearing of this matter. Accordingly, the respondent is suspended from the practice of law for a period of three years commencing November 15, 1990, until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion, *inter alia,* to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent Kenneth E. Bruce is suspended from the practice of law for a period of three years, commencing November 15, 1990, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the three-year period upon furnishing satisfactory proof (a) that during the period of suspension he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Kenneth E. Bruce is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.